SCOTT N. JOHNSON, ESQ., SBN 166952
5150 FAIR OAKS BLVD., SUITE 101
PMB #253
CARMICHAEL, CA 95608-5758
TELEPHONE (916) 485-3516
FAX (916) 481-4224
E-MAIL  scottnjohnson@comcast.net

Attorney for Plaintiff Scott N. Johnson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson | ) Case No.: |
| | ) |
|        Plaintiff, | ) COMPLAINT: <u>CIVIL RIGHTS</u> |
| | ) |
|    vs. | ) **COMPLAINT FOR PRELIMINARY AND** |
| | ) **PERMANENT INJUNCTIVE RELIEF;** |
| Regal Cinemas Inc., | ) **DECLARATORY RELIEF;  AND** |
| | ) **MONETARY RELIEF:**  DENIAL OF |
| Individually and d/b/a Regal | ) CIVIL RIGHTS AND PUBLIC |
| | ) FACILITIES TO PHYSICALLY |
| Entertainment Group | ) DISABLED PERSONS (CIVIL CODE §§ |
| | ) 51, 52); INJUNCTIVE RELIEF PER |
|        Defendants |   TITLE III, AMERICANS WITH |
| |   DISABILITIES ACT OF 1990 |

_____

Plaintiff, SCOTT N. JOHNSON, alleges:

## **THE PLAINTIFF**

1.    Plaintiff, SCOTT N. JOHNSON (hereinafter "Plaintiff"), is a person with physical impairments of quadriplegia and is a "person with a disability" and "physically handicapped person." 42 U.S.C. § 12102(2)(A); 28 C.F.R. § 36.104. Plaintiff has substantial limitations and restrictions on many of his major life activities including; standing, walking, breathing and as such, requires the use of a "Service Animal (semi-retired)," wheelchair, full size van with hand-controls and wheelchair lift and is either unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair or wheelchair lift equipped van or is only able to use such portions with undue difficulty.  Plaintiff is a resident of Sacramento County and has been a resident for over 30 years.

## **THE DEFENDANTS**

2.    *Regal Entertainment Group/United Artist Market Square 6* is a movie theater with a parking lot located at 1739 Arden Way, Sacramento, CA and is a public accommodation as defined by 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104 (hereinafter the "PUBLIC ACCOMMODATION").  Defendants own, operate, manage, lease (or lease to), the PUBLIC ACCOMMODATION and property.  Defendants include: Regal Cinemas Inc., Individually and d/b/a Regal Entertainment Group (hereinafter collectively "Defendants" or

"PUBLIC ACCOMMODATION").  Attached hereto as Exhibit A, are copies of ownership and operation documentation.

## THE FACTS

3.  **Summary of facts:**  This case involves the denial of an accessible route to Plaintiff and others similarly situated at the PUBLIC ACCOMMODATION on several occasions and is continuing. Defendants have intentionally failed to provide for any properly configured restroom.  On September 21, 2006, the Plaintiff visited the PUBLIC ACCOMMODATION with his family for the entertainment of a movie.  On this visit, the Plaintiff wanted to utilize the restroom, but could not close the toilet stall door because of a mechanism/door handle which does not meet ADA standards *4.13.9 Door Hardware. Handles, pulls, latches, locks, and other operating devices on accessible doors shall have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate.  Lever-operated mechanisms, push-type mechanisms, and U-shaped handles are acceptable designs. When sliding doors are fully open, operating hardware shall be exposed and usable from both sides. Hardware required for accessible door passage shall be mounted no higher than 48 in (1220 mm) above finished floor (*Americans with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36.  In a letter dated September 22, 2006, which was mailed to the PUBLIC ACCOMMODATION and addressed to the landlord/property owner, the Plaintiff informed the Defendants about the lack of accessibility and requested that the property either be brought into conformity.

1   This is attached as Exhibit B.  On October 11, 2006, the
2   Plaintiff received a letter from the Defendants stating that
3   they would look into what access issues need to be in
4   compliance.  This is attached as Exhibit C.  On November 29,
5   2006, the Plaintiff received another letter from the Defendants
6   informing the Plaintiff that the access issues were resolved and
7   that the PUBLIC ACCOMMODATION is now in compliance with the ADA.
8   This is attached as Exhibit D.  On February 24, 2007, the
9   Plaintiff returned to the PUBLIC ACCOMMODATION and went to use
10  the restroom.  The Plaintiff encountered the same architectural
11  barriers as before and this time spoke with the manager (Deserie
12  McAllister) about the need for an interior pull handle on the
13  toilet stall doors.  The Plaintiff explained to the manager that
14  the disabled toilet stall has a handle on the outside of the
15  door but does not have a pull handle on the inside of the toilet
16  stall door and that he could not close and lock the toilet stall
17  door without a handle.  The manager stated that she would
18  explain the problem to the male manager.  The Plaintiff would
19  like to be able to return to the PUBLIC ACCOMMODATION.  The
20  Plaintiff has foregone five (5) visits to the PUBLIC
21  ACCOMMODATION because of the architectural barriers.  As of
22  today's date the restroom remains the same.  The Plaintiff would
23  like to be able to return to the PUBLIC ACCOMMODATION.  This
24  case involves the denial of access to the Plaintiff and others
25  similarly situated.  Plaintiff was denied equal protection of
26  the law and was denied Civil Rights under both California law
27  and federal law, as hereinbelow described.  Plaintiff was denied

28

his rights to full and equal access to the PUBLIC ACCOMMODATION
because of the architectural barriers without difficulty and
embarrassment when he went there on the above referenced dates,
which made the PUBLIC ACCOMMODATION not properly accessible to
Plaintiff or to others similarly situated.  Plaintiff seeks
injunctive relief to require Defendants to remove the
architectural barriers at the PUBLIC ACCOMMODATION; to comply
with the Americans with Disabilities Act of 1990 (ADA); and
Americans with Disabilities Act Accessibility Guidelines (ADAAG)
contained in 28 CFR Part 36. Including, but not limited to,
§4.1.2 Accessible Sites and Exterior: New Construction; §4.1.3
Accessible Buildings: New Construction; §4.1.5 Accessible
Buildings: Additions; §4.1.6 Alterations; §4.2 Space Allowance
and Reach Ranges; §4.3 Accessible Route; §4.5 Ground and Floor
Surfaces; §4.13 Doors; §4.14 Entrances; §4.15 Drinking Fountains
and Water Coolers; §4.16 Water Closets; §4.17 Toilet Stalls;
§4.18 Urinals; §4.19 Lavatories and Mirrors; §4.26 Handrails,
Grab Bars, and Tub and Shower Seats; §4.27 Controls and
Operating Mechanisms; §4.30 Signage; and Title 24 California
Code of Regulations, California Building Standards Code (CBC)
where required; to remove all barriers to access which are
readily achievable, to make all reasonable accommodations in
policy in order to enable Plaintiff and others similarly
situated to use the PUBLIC ACCOMMODATION and at minimum, to use
readily achievable alternative methods to enable Plaintiff to
use the goods and services which the PUBLIC ACCOMMODATION makes
available to the non-disabled public.  Plaintiff also seeks the

recovery of damages involved in the discriminatory experiences of the past two years and seeks recovery of reasonable attorney's fees (if incurred) and litigation expenses and costs according to statute.

## MAJOR ARCHITECTURAL BARRIER AND NOTICE GIVEN

4.   The major architectural barrier is lack of an accessible properly configured restroom.  The Plaintiff gave written notice to the PUBLIC ACCOMMODATION on September 22, 2006 in a letter informing the Defendants about the problem and gave the Defendants over 6 months to comply before resorting to this action.  The Plaintiff gave oral notice to the manager on February 24, 2007 about the problem and gave the Defendants over 1 month to comply before resorting to this action. Attached hereto is Exhibit E is a photograph of the non-compliant toilet stall door which contains no door handle.

## JURISDICTION

**5.**   **Jurisdiction:**  The Court has jurisdiction of the action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq.  Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code §§ 51, 52.

## VENUE

6.  **Venue:**  Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced his discrimination is located in this district and that Plaintiff's causes of action arose in this district.

## INTRADISTRICT

7.  **Intradistrict:**  This case should be assigned to the Sacramento intradistrict because the incident occurred in, and Plaintiff's rights arose in, the Sacramento intradistrict. **PLAINTIFF WILL STIPULATE TO A VOLUNTARY DISPUTE RESOLUTION PROGRAM (VDRP).  PLAINTIFF CONSENTS AN EARLY SETTLEMENT CONFERENCE.**

8.  The PUBLIC ACCOMMODATION is a "public accommodation or facility" subject to the requirements of California Civil Code §§51, 52; and the Americans with Disability Act of 1990. 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

9.  Plaintiff is a person with quadriplegia and is confined to a wheelchair and yet Plaintiff and his "Service Animal" (Rocky) remain highly active and are involved in their community. Plaintiff drives a full size Ford van which is equipped with hand-controls and a wheelchair lift.  If (and when) Plaintiff was to park in a non-disabled parking space, he could very easily be block from returning to his vehicle, which would restrict Plaintiff from leaving.  If (and when) Plaintiff was to access a non-disabled restroom the problem could be compounded and could turn dangerous because of the non-accessibility.

10.   Defendants are and were the owners, operators, managers, lessors and lessees of the PUBLIC ACCOMMODATION and of the subject real property and at all times relevant herein. Plaintiff is informed and believes that each of the Defendants is and was the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

11.   Plaintiff and others similarly situated are disabled persons who require the use of a wheelchair or wheelchair lift equipped van and are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990 and the regulations thereof.   Under Civil Code § 51 (f), Defendants were required to comply with the requirements of the Americans with Disabilities Act of 1990 and the federal regulations adopted pursuant thereto.   The acts and omissions of which Plaintiff complains took place at the PUBLIC ACCOMMODATION.

# FIRST CLAIM FOR RELIEF:

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

## 42 USC §§ 12101 FF

12.  Plaintiff re-alleges the allegations of paragraphs 1-11 hereof.

13.  Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

14. Congress stated as its purpose in passing the Americans
with Disabilities Act (42 USC §12101(b)): It is the purpose of
this act (1) to provide a clear and comprehensive national
mandate for the elimination of discrimination against
individuals with disabilities;

(2) to provide clear, strong, consistent, ***enforceable
standards*** addressing discrimination against individuals
with disabilities;

(3) to ensure that the Federal government plays a central
role in enforcing the standards established in this act on
behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority,
including the power to enforce the 14th Amendment and to
regulate commerce, in order to address the major areas of
***discrimination faced day to day*** by people with disabilities
(emphasis added).

15. As part of the Americans with Disabilities Act, Public Law
101-336 (hereinafter the "ADA"), Congress passed "Title III -
Public Accommodations and Services Operated by Private Entities"
(42 USC 12181 ff).  Among "private entities" which are

considered "public accommodations" for purposes of this Title is a PUBLIC ACCOMMODATION (Regulation 36.104).

16.  Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases or leases to, or operates a place of public accommodation."

17.  Among the specific prohibitions against discrimination were included:  *§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities ..."; *§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*: "A failure to remove architectural barriers and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*: "Where an entity can demonstrate that the removal of a barrier under

clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable".  The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

18. Title III of the ADA establishes that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation...." 42 U.S.C. §  12182(a).  "Discrimination" is defined as, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...." 42 U.S.C. § 12182(b)(2)(A)(ii).  Defendants had an obligation to have some sort of plan which would have allowed Plaintiff to enjoy the PUBLIC ACCOMMODATION services without having to suffer the indignities as aforesaid.

19.  Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and

procedures set forth in §204(a) of the Civil Rights Act of 1964,

42 USC 2000(a)-3(a), as Plaintiff is being subjected to

discrimination on the basis of disability in violation of this

Title or has reasonable grounds for believing that he is about

to be subjected to discrimination in violation of §12182.  On

information and belief, Defendants have continued to violate the

law and deny the rights of Plaintiff and of other disabled

persons to access this public accommodation since on or before

March 28, 2007.  Pursuant to §12188(a)(2), "In cases of

violations of §12182(b)(2)(A)(iv) ... injunctive relief shall

include an order to alter facilities to make such facilities

readily accessible to and usable by individuals with

disabilities to the extent required by this title."

20.  Plaintiff seeks relief pursuant to remedies set forth in

§204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a),

and pursuant to Federal Regulations adopted to implement the

Americans with Disabilities Act of 1990.  Plaintiff is a person

for purposes of Section 12188(a) of the ADA who is being

subjected to discrimination on the basis of disability in

violation of Title III and who has reasonable grounds for

believing he will be subjected to such discrimination each time

that he may attempt to patronize the PUBLIC ACCOMMODATION.

21.  Injunctive relief: Plaintiff seeks injunctive relief to prohibit the acts and omissions by Defendants at the PUBLIC ACCOMMODATION as stated above which appear to be continuing, and which have the effect of wrongfully excluding Plaintiff and others similarly situated from using the PUBLIC ACCOMMODATION. Plaintiff frequently travels within a short distance of the PUBLIC ACCOMMODATION, and thus will either continue to use the PUBLIC ACCOMMODATION or will refrain from using the PUBLIC ACCOMMODATION until the accommodations are provided. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against Plaintiff on the sole basis that Plaintiff is a person with a disability and requires the use of a wheelchair and a van with a wheelchair lift for movement in public places.  Plaintiff is unable so long as such acts and omissions of Defendants continue, to achieve equal access to and use of the public facility.  The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks an injunction as to every violation of California or Federal disability access law which is related to his disability.

## SECOND CLAIM FOR RELIEF:  DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES AT A PUBLIC ACCOMMODATION
### (Civil Code §§ 51, 52)

22.  Plaintiff re-alleges the allegations of paragraphs 1-21 hereof.

23.  Civil Code §§ 51 and 52, et seq., were enacted to prohibit discrimination against people with disabilities and to encourage the full and free use by people with disabilities of public facilities and other public places.  CC §§ 51(f) states that a violation of the Americans with Disabilities Act of 1990 is a violation of this section. **A violation of the ADA is a *per se* violation of CC § 51 (<u>KATHLEEN LENTINI v. CALIFORNIA CENTER FOR THE ARTS, ESCONDIDO</u>; 370 F.3d 837 (9th Cir. 2004)); CC § 52 states that minimum damages for discrimination are $4,000 for each and every offense (<u>KATHLEEN LENTINI v. CALIFORNIA CENTER FOR THE ARTS, ESCONDIDO</u>; 370 F.3d 837 (9th Cir. 2004)). The Plaintiff <u>IS NOT</u> ASKING FOR DAILY DAMAGES.**

24.  On each of the above listed occasions, when the Plaintiff arrived at the PUBLIC ACCOMMODATION, he was not allowed equal access to the PUBLIC ACCOMMODATION because of the architectural

barriers.  The Plaintiff was forced to leave the PUBLIC

ACCOMMODATION, unable to patronize the PUBLIC ACCOMMODATION as

an equal.  As a result, Plaintiff was humiliated and

embarrassed, made to feel as if he was a second class citizen,

and experienced humiliation, embarrassment, emotional damage and

physical personal injury, all to Plaintiff's damages in an

amount according to proof.

25.  Defendants' failure to institute policies in furtherance of

accessibility or at least have an alternate policy to enable

Plaintiff to use the goods and services offered to the non-

disabled public without having to suffer the indignities, as

aforesaid, was a violation of the Americans with Disabilities

Act and federal regulations adopted pursuant thereto, and as a

consequence, was a violation of Civil Code §§ 51.

26.  Damages: As a result of the denial of equal access to the

PUBLIC ACCOMMODATION and due to the acts and omissions of

Defendants and each of them in owning, operating and/or leasing

the subject real property, Plaintiff suffered a violation of

Civil Rights including but not limited to rights under Civil

Code §§ 51, 52 and suffered mental and emotional distress,

embarrassment and humiliation, and personal injury all to

Plaintiff's damages.  Defendants' actions and omissions to act

constituted discrimination against Plaintiff on the sole basis

that Plaintiff was physically disabled and unable to use the

facilities on a full and equal basis as other persons.

Plaintiff seeks actual damages, including the minimum damages of

$4,000 pursuant to CC § 52 for each and every offense.

27.  Fees and costs: As a result of Defendants' acts, omissions

and conduct, Plaintiff has incurred costs and might be required

incur attorney's fees, litigation expenses, and costs as

provided by statute, in order to enforce Plaintiff's rights and

to enforce provisions of the law protecting access for disabled

persons and prohibiting discrimination against disabled persons.

Plaintiff therefore seeks recovery of all reasonable attorney's

fees (if incurred) and costs, pursuant to the provisions of

Civil Code §§ 52.  Additionally, Plaintiff's lawsuit is intended

not only to obtain compensation for damages to Plaintiff, but

also to force the Defendants to make their facilities accessible

to all disabled members of the public, justifying public

interest attorney's fees (if incurred), litigation expenses and

costs pursuant to Code of Civil Procedure § 1021.5.

28.  Wherefore, Plaintiff asks this Court to preliminarily and

permanently enjoin any continuing refusal by Defendants to

comply with the requirements of the Americans with Disabilities

Act of 1990 and regulations adopted pursuant thereto with

respect to access of disabled persons to the PUBLIC

ACCOMMODATION; for minimum damages pursuant to CC § 52 and for

attorneys' fees (if incurred) and costs pursuant to CC §§ 52 and

1021.5.

//

//

Wherefore Plaintiff prays for relief as hereinafter stated:

## PRAYER

1. Issue a preliminary and permanent injunction directing

Defendants to modify its facilities and policies as required by

law to comply with the ADA and ADA regulations, including the

ADAAG where required, institute policies in furtherance of

accessibility or at least have an alternate policy to enable

Plaintiff to use the goods and services offered to the non-

disabled public so that it provides adequate access to all

citizens, including persons with disabilities; and issue a

preliminary and permanent injunction directing Defendants to

maintain its facilities usable by plaintiff and similarly

situated persons with disabilities in compliance with federal

regulations, and which provide full and equal access, as

required by law;

2. Retain jurisdiction over the Defendants until such time

as the Court is satisfied that Defendants' unlawful policies,

practices, acts and omissions, and maintenance of inaccessible

public facilities as complained of herein no longer occur, and
will not recur;

    3.  Award to Plaintiff statutory damages under California
Civil Code 52 for each actual visit to the PUBLIC ACCOMMODATION
and for each forgone visit, all according to proof;

    4.  Award to Plaintiff all reasonable attorneys' fees (if
incurred), all litigation expenses, and all costs of this
proceeding as provided by law;

    5.  Declaratory relief that Defendants violated the ADA
for the purpose of Unruh Act.

Dated:  March 28, 2007

                          __/S/ SCOTT N.JOHNSON_

                         By: SCOTT N. JOHNSON
                         Attorney for Plaintiff